**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ROBERT E. MITCHELL,**

                **Petitioner,**

      v.                                              CASE NO. 22-3103-SAC

**CHANDLER CHEEKS,**

                **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

     This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court directs Petitioner to show cause why this matter should not be dismissed as untimely filed.

**Background**

     In 1988, a jury in Johnson County, Kansas, convicted Petitioner of aggravated kidnapping, aggravated burglary, rape, and two counts of aggravated sodomy. *State v. Mitchell*, 315 Kan. 156, 157 (2022) (*Mitchell I*). The district court sentenced him to "a controlling prison sentence of a minimum of life plus 60 years and a maximum of two life sentences plus 60 years." *Id.* The Kansas Supreme Court (KSC) affirmed the convictions and sentence in December 1989. *Id.*; *see also Mitchell v. McKune*, 2014 WL 349584, *1 (Kan. Ct. App. Jan. 31, 2014) (unpublished opinion) (*Mitchell II*), *rev. denied* Jan. 8,

1

2015. Petitioner did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

Petitioner unsuccessfully pursued postconviction relief in the state courts via a motion to correct illegal sentence filed in August 1996, a motion under K.S.A. 60-1507 filed in October 1996, a second motion to correct illegal sentence filed in August 2004, and a petition for writ of habeas corpus under K.S.A. 60-1501 filed in July 2009. *Mitchell II*, 2014 WL 349584, at *2. It appears that the most recent decision by the Kansas state courts regarding Petitioner's attempts to obtain postconviction relief concluded on March 11, 2022, when the KSC affirmed the denial of a motion to correct illegal sentence. *See Mitchell I*, 315 Kan. at 158.

On May 23, 2022, Petitioner filed in this Court his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the response, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

**Motion for Extension of Time to File Notice of Appeal (Doc. 3)**

Along with his petition, Petitioner filed pro se documents that appear to seek leave to file an untimely notice of appeal in an attempt to appeal the KSC's 2022 ruling to this Court. (Doc. 3.) The Court will deny the motion as moot because "[f]ederal district

2

courts do not sit as appellate forums over state courts." *See Cowan v. Hunter*, 762 Fed. Appx. 521, 523 (10th Cir. 2019) (unpublished order and judgment) (citing *Pittsburg Cty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 704 (10th Cir. 2004)). A § 2254 petition for writ of habeas corpus is not an appeal from a state-court judgment; it is a separate collateral challenge to that judgment. *See Cowan*, 762 Fed. Appx. at 523. Thus, there is no need for a notice of appeal to be filed in this Court to initiate this habeas action. Rather, the timeliness of this case is calculated by other means, which are discussed below.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d), which became effective on April 24, 1996. *See Slack v. McDaniel*, 529 U.S. 473, 480 (2000). Generally, the one-year limitation period is calculated from the date on which an individual's convictions become final as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Because Petitioner's convictions became final before AEDPA's effective date, however, the one-year limitation period began not when his convictions became final, but when AEDPA went into effect. *See Sena v. N.M. Corrections Dept.*, 66 Fed. Appx. 174, 176 (10th Cir. 2003) (unpublished order) (citing *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001), *cert. denied* 535 U.S. 1034 (2002), and *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003)). Thus, Petitioner was required to file his § 2254 petition on or before April 24, 1997. *Sena*, 66 Fed. Appx. at 176. He did not

file the current petition until over 25 years later, in May 2022.

AEDPA contains a provision, however, that statutorily tolls the one-year limitation period during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, the one-year limitation period, which began to run on April 24, 1996, when AEDPA became effective, was tolled on August 29, 1996, when Petitioner filed in state district court his motion for correction of illegal sentence. At that point, approximately 126 days of the year had elapsed, leaving approximately 239 days remaining.

The motion to correct illegal sentence was denied on September 25, 1996, and before the time in which Petitioner could appeal the denial expired, Petitioner filed a K.S.A. 60-1507 motion. *Mitchell II*, 2014 WL 349584, at *2. As a "properly filed application for State post-conviction or other collateral review" of the relevant convictions, the 60-1507 motion also tolled the one-year federal habeas limitation period. *See* 28 U.S.C. § 2244(d)(2). The state-court proceedings on the 60-1507 motion concluded on December 27, 2002, when the Kansas Court of Appeals (KCOA) issued an order affirming the district court's denial of the motion. *See* Online records of the Kansas Appellate Courts, *Mitchell v. State*, case number 87,218. The one-year federal limitation period was then tolled for the 30-day period in which Petitioner could have filed a petition for review with the KSC, even though he did not timely file such a petition.[1]

---

[1] Although Petitioner—over a year later—moved to file an untimely petition for

4

On January 27, 2003, the one-year federal habeas limitation resumed. It expired approximately 239 days later, on September 22, 2003, well before the federal habeas petition was filed on May 23, 2022.[2] Thus, on the information now before the Court, this matter was untimely filed.[3]

In the portion of the petition for Petitioner to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition," Petitioner states:

> Facts without legal argument(s): 1. April 1988, sentencing court ordered all records published for direct appeal review; 2. continuance record(s) from September 11, 1987 and October 1, 1987 and November 3, 1987, were/are unavailable for tolling of speedy trial; 3. records are incomplete for consideration of speedy trial; 4. incomplete records contributed to deficiency of trial and direct appeal counsel(s); 5. incomplete records contributed to each filing Mitchell, petitioner, has submitted including this 28 U.S.C. § 2254; 6. this record deficiency meets criteria for exceptional circumstance; 7. lacking an essential element, continuance record(s) for any/all filings is unfair to Mitchell's ability to present before any court, meets criteria of a(n) manifest of injustice or a miscarrage of justice[.] [*sic*]

(Doc. 1, 13.)

It is not clear how these dates relate to or affect the calculation of whether this matter was timely filed. If Petitioner wishes to clarify their relevance, he may do so in his response to

---

review with the KSC, that motion was denied.

[2] From the information now before the Court, Petitioner did not pursue additional post-conviction relief until August 2004, when he filed a second motion to correct illegal sentence. *See Mitchell II*, 2014 WL 349584, at *2. Because the one-year federal habeas limitation had expired by that point, the filing of that motion and any other later state-court motions does not affect the timeliness calculation.

[3] The information contained in Petitioner's motion for extension of time to file notice of appeal (Doc. 3) does not affect the timeliness of this matter because all of the events referenced therein occurred well after the deadline to timely file this matter had expired.

5

this order. As it stands now, however, it appears that this action is subject to dismissal as untimely filed.

However, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Finally, there is an exception to the one-year time limitation because of actual innocence. Despite its title, to obtain this exception, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, Petitioner must come forward with "new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

In summary, it appears that the petition currently before the Court was not timely filed and is subject to dismissal unless Petitioner can demonstrate grounds for equitable tolling of the statute of limitation or he can establish that the actual innocence exception to the statute of limitation applies.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Extension of Time to File Notice of Appeal (Doc. 3) is **denied as moot.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including June 27, 2022, in which to show cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed as untimely filed.

**IT IS SO ORDERED.**

DATED:  This 26th day of May, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge