**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ROBERT E. MITCHELL,**

                      **Petitioner,**

      **v.**                                                      **CASE NO. 22-3103-SAC**

**CHANDLER CHEEKS,**

                      **Respondent.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's response (Doc. 6) to the Court's May 26, 2022 Notice and Order to Show Cause (NOSC) (Doc. 5). For the reasons explained below, the Court will dismiss the action as time-barred.

### Background

In 1988, a jury in Johnson County, Kansas, convicted Petitioner of aggravated kidnapping, aggravated burglary, rape, and two counts of aggravated sodomy, and the district court sentenced him to "a controlling prison sentence of a minimum of life plus 60 years and a maximum of two life sentences plus 60 years." *State v. Mitchell*, 315 Kan. 156, 157 (2022) (*Mitchell I*). The Kansas Supreme Court (KSC) affirmed the convictions and sentence in December 1989. *Id.*; *see also Mitchell v. McKune*, 2014 WL 349584, *1 (Kan. Ct. App. Jan. 31, 2014) (unpublished opinion) (*Mitchell II*), *rev. denied* Jan. 8, 2015. Petitioner did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

1

Petitioner then unsuccessfully pursued postconviction relief in the state courts via a motion to correct illegal sentence filed in August 1996, a motion under K.S.A. 60-1507 filed in October 1996, a second motion to correct illegal sentence filed in August 2004, and a petition for writ of habeas corpus under K.S.A. 60-1501 filed in July 2009. *Mitchell II*, 2014 WL 349584, at *2. It appears that the most recent decision by the Kansas state courts regarding Petitioner's attempts to obtain postconviction relief concluded on March 11, 2022, when the KSC affirmed the denial of a motion to correct illegal sentence. *See Mitchell I*, 315 Kan. at 158.

On May 23, 2022, Petitioner filed in this Court his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) This Court conducted the initial review required by Rule 4 of the Rules Governing § 2254 Cases and, on May 26, 2022, the Court issued the NOSC directing Petitioner to show cause why the matter should not be dismissed as time-barred. (Doc. 5.) Petitioner has now filed his response. (Doc. 6.)

**Timeliness Standards**

As explained in the NOSC, this action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d), which became effective on April 24, 1996. *See Slack v. McDaniel*, 529 U.S. 473, 480 (2000). Generally, the one-year limitation period is calculated from the date on which an individual's convictions become final as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Because Petitioner's convictions became final before AEDPA's

effective date, however, the one-year limitation period began to run not when his convictions became final, but when AEDPA went into effect. *See Sena v. N.M. Corrections Dept.*, 66 Fed. Appx. 174, 176 (10th Cir. 2003) (unpublished order) (citing *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001), *cert. denied* 535 U.S. 1034 (2002), and *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003)).

Thus, the one-year limitation period ran from April 24, 1996, until August 29, 1996, when Petitioner filed an "application for State post-conviction or other collateral review" of his convictions. *See* 28 U.S.C. § 2244(d)(2). At that point, approximately 126 days of the year had elapsed, leaving approximately 239 days remaining. The limitation period remained tolled until January 27, 2003, when Petitioner no longer had an application for post-conviction or other collateral review pending in the state courts. (See Doc. 5, p. 4-5.) It expired on or around September 22, 2003, well before the federal habeas petition in this matter was filed on May 23, 2022.

In his response to the MOSC, Petitioner does not dispute these calculations. Liberally construed, as is appropriate since Petitioner proceeds pro se, the response asserts that he is entitled to equitable tolling of the one-year limitation period.

### Equitable Tolling

As explained in the NOSC, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). It is available only "when an inmate diligently pursues his claims and demonstrates that he failure to

3

timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000).

Petitioner explains that he is not an attorney and his knowledge of the law is self-taught. (Doc. 6, p. 2.) He asserts that he has diligently pursued his arguments through the Kansas judicial system in the belief that he would prevail. *Id.* Further, Petitioner contends that his inability to timely file this matter was caused by extraordinary circumstances beyond his control; namely, that he lacked a complete record on which to base his speedy trial arguments. *Id.* at 2, 5. Petitioner advises this Court that he still has not been able to obtain records of certain continuances, despite his active pursuit of judicial remedies. *Id.*

Even liberally construing these arguments, Petitioner has not established the sort of rare and exceptional circumstances that justify equitable tolling of the AEDPA statute of limitations. "It is well-established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh*, 223 F.3d at 1220. Moreover, the Tenth Circuit "has repeatedly rejected the argument that difficulty in obtaining trial records constitutes 'extraordinary circumstances' justifying equitable tolling." *See Kenneth v. Martinez*, 771 Fed. Appx. 862, 865 (10th Cir. 2019) (citation omitted). And although the Court does not doubt Petitioner's diligence in pursuing his state-court remedies, that diligence does not alter the fact that this federal habeas petition was not timely filed, nor does it entitle him to equitable tolling of the federal habeas statute of limitations.[1]

---

[1] As noted in the NOSC, from January 27, 2003 through August 2004, Petitioner

Finally, Petitioner argues that the refusal to overlook the AEDPA deadline for filing would result in a manifest injustice or a miscarriage of justice, which he asserts are exceptions to "the AEDPA Default Provision." (Doc. 6, p. 7.) But defaulting a claim is different than untimely filing a habeas petition. *See Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (explaining circumstances which result in "a procedural default for purposes of federal habeas review"). At the present time, the Court is not concerned with whether Petitioner's claims are procedurally defaulted, but with whether this matter is time-barred.

As explained in the NOSC, there also is an actual innocence exception to the one-year federal habeas limitation period. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). In order to establish entitlement to this exception, Petitioner must identify some new reliable evidence that was not presented at trial and, in light of which, makes it more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *See House v. Bell*, 547 U.S. 518, 536-37 (2006); *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In his response to the NOSC, Petitioner has not identified any such evidence.

Petitioner dedicates a portion of his response to explaining his argument that his statutory speedy trial rights were violated and that the state courts erred in ruling in the state-court proceedings. (Doc. 6, p. 3, 5-7.) He also presents argument about "[t]he competing interest implicated by a prisoner's (Mitchell's)

---

had no relevant cases pending in the Kansas state courts. The one-year federal habeas limitation period for filing the petition now before this Court expired on September 22, 2003.

petition to a Federal Court to review the merits of a procedurally defaulted constitutional claim." *Id.* at 4. Again, however, the question now before the Court is whether Petitioner has shown that this federal habeas petition should not be dismissed as untimely filed. The Court is not examining the merits of Petitioner's underlying constitutional claims or reviewing whether the Kansas state courts erred in ruling on his speedy trial argument.[2]

## Conclusion

For the reasons set forth above, the petition in this matter was not filed within the one-year statute of limitations. Petitioner has not shown that he is entitled to equitable tolling of the statute of limitations or to the actual innocence exception to the statute of limitations. Accordingly, the matter must be dismissed as time-barred.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid

---

[2] The Court notes that a violation of speedy trial rights guaranteed by a state statute is not a viable ground for relief in a federal habeas matter under § 2254. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("Federal habeas relief does not lie for errors of state law."); *Hawes v. Pacheco*, 7 F.4th 1252, 1264 (2021) ("'To the extent [the petitioner] argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief[.]'").

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485.

The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** with prejudice as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 23rd day of June, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge